UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENNEL PITTS,

      Petitioner,                       Civil Action No. 2:09-12329
v.                                       HONORABLE VICTORIA A. ROBERTS
                                         UNITED STATES DISTRICT COURT

C. ZYCH,

      Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Rennel Pitts, (Petitioner), incarcerated at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### I.  Background

Petitioner is serving a sentence of forty six months imprisonment for his conviction out of the United States District Court for the Eastern District of Michigan for conspiracy to distribute cocaine, pursuant to 21 U.S.C. § 841(a). *See United States v. Pitts,* U.S.D.C. No. 05-CR-80955-DT (E.D. Mich.)(Cohn, J.).

While incarcerated at FCI-Milan, Petitioner entered the BOP's Residental Drug Abuse Treatment Program(RDAP). Petitioner has applied for a one year reduction in his

1

sentence with the BOP pursuant to 18 U.S.C. § 3621(e)(2)(B), but has been denied eligibility for a reduction of his sentence because of a prior conviction for an unspecified violent crime that is 27 years old.

Petitioner seeks habeas relief on two grounds. Petitioner first contends that the BOP's classification and exclusion of prisoners who have a prior violent offense from being eligible for the one year sentence reduction is arbitrary, capricious, and contrary to law, because "the BOP failed to articulate a rational basis between the facts found and the choices made." Secondly, Petitioner contends that the BOP's exclusion of inmates who have prior violent convictions from consideration for early release pursuant to 18 U.S.C. § 3621(e)(2)(B) is arbitrary and capricious, because the BOP regulations do not contain a "staleness" or "statute of limitations" component that would prevent the BOP from using prior convictions that are ten or more years old to exclude an inmate from eligibility for the one year sentence reduction.

## II.  Discussion

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *See also Hall v. Eichenlaub,* 559 F. Supp. 2d 777, 779-80 (E.D. Mich. 2008). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C.§ 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich.

2001).

As an initial matter, review of the BOP's decision to deny Petitioner a sentence reduction pursuant to § 3621(e)(2)(B) is not governed by the Administrative Procedure Act (APA), as petitioner contends. 18 U.S.C. § 3625 provides that 5 U.S.C. §§ 554, 555, and 701-706, the judicial review and notice and comment provisions of the APA, "do not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621, *et seq. See e.g. Orr v. Hawk,* 156 F. 3d 651, 655, n. 1 (6th Cir. 1998)(BOP exempt from the judicial review and notice and comment provisions of the APA); *See also Davis v. Beeler,* 966 F. Supp. 483, 489-90 (E.D. Ky. 1997).

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

*Id.*

To provide guidelines for the implementation of the early release program, the BOP adopted 28 C.F.R. § 550.58. This regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> \*\*\*
>
> (iv). Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.
>
> 28 C.F.R. § 550.58(a)(1)(iv).

Similarly, Section 6.1.1 of Program Statement 5330.10, entitled "EARLY RELEASE QUALIFICATIONS," denies eligibility for early release to those inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses. Section 6. 1. 1(a)(1)(iv).

In *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001), the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. The Supreme Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 242. "The Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id* at 243. Moreover, the Supreme Court rejected the argument that the BOP was required under § 3621(e) to make a case by case assessment of eligibility for early release. *Id.* at 243-44.

4

Petitioner does not specify the prior conviction that was used by the BOP to deny him early release, but he implicitly concedes that the prior conviction was for a violent offense. Petitioner, however, contends that the BOP should not have used this prior conviction to exclude him from eligibility for a one year sentence reduction because the conviction was 27 years old. Contrary to Petitioner's contention, there is no "staleness" or "statute of limitations" component to the BOP's consideration of prior convictions when determining whether an inmate is entitled to a sentence reduction under § 3621(e)(2)(B). *See Crickon v. Daniels,* No. 2007 WL 4554326, * 2 (D. Or. December 18, 2007). Neither § 3621(e)(2)(B) nor § 550.58 prohibit the use of an inmate's prior convictions that are more than ten years old to deny that inmate early release, nor has petitioner cited to any court decisions in support of his argument. *See Lee v. Eichenlaub,* No. 2007 WL 1041257, * 2 (E.D. Mich. April 5, 2007)*; See also Caputo v. Clark,* 132 F. 3d 36 (Table); 1997 WL 774921, * 2 (7th Cir. December 12, 1997)(twenty-year old conviction was not "too distant temporally to bar" federal inmate from eligibility for one year sentence reduction pursuant to § 3621(e)(2)(B)).

Petitioner lastly argues that the BOP's refusal to consider him eligible for a one year sentence reduction violates the provisions of The Second Chance Act of 2007; Pub.L. No. 110-199, 122 Stat. 657. The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize the BOP to consider placing an inmate in an RRC [residential re-entry centers] for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Demis v. Sniezek,* 558 F. 3d 508, 513-14

(6th Cir. 2009). However, although the Second Chance Act of 2007 modified some portions of the Violent Crime Control and Law Enforcement Act of 1994, the relevant statutory provision at issue here, 18 U.S.C.§ 3621(e)(2)(B), was not changed. *See Moore v. Driver,* No. 2008 WL 4661478, * 3 (N.D. W.Va. October 21, 2008). Therefore, the Court has no authority to review the BOP's determination that Petitioner is ineligible for obtaining a one year sentence reduction after successfully completing the RDAP program. *Id.*

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez,* 157 F. Supp. 2d at 796. Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

### III. ORDER

Based upon the foregoing, the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 19, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Rennel Pitts by electronic means or U.S. Mail on June 19, 2009.

s/Carol A. Pinegar
Deputy Clerk

---