UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENNEL PITTS,

    Petitioner,                                 Civil Action No. 2:09-12329
v.                                          HONORABLE VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT COURT
C. ZYCH,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO ALTER OR AMEND THE JUDGMENT

On June 19, 2009, this Court denied Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Pitts v. Zych,* No. 2009 WL 1803208 (E.D. Mich. June 19, 2009). Petitioner has now filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). For the reasons stated below, the motion to alter or amend the judgment is **DENIED.**

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

    1. to accommodate an intervening change in controlling law;
    2. to account for new evidence which was not available at trial; or;

3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc*., 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and, are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)).  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.*  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner contends that this Court erred in determining that review of the Bureau of Prisons' (BOP) decision to deny Petitioner a sentence reduction pursuant to § 3621(e)(2)(B) was not governed by the Administrative Procedure Act (APA). However, as this Court noted in its original decision, 18 U.S.C. § 3625 provides that 5 U.S.C. §§ 554, 555, and 701-706, the judicial review and notice and comment provisions of the APA, "do not apply to the making of any determination, decision or order" made by the BOP pursuant to the provisions of 18 U.S.C. §§ 3621, *et seq. See e.g. Orr v. Hawk,* 156 F. 3d 651, 655, n. 1 (6th Cir. 1998)(BOP exempt from the judicial review and notice and comment provisions of the APA); *See also Davis v. Beeler,* 966 F. Supp. 483, 489-90 (E.D. Ky. 1997).

Petitioner's motion to alter or to amend the judgment is denied; Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the Petition for Writ of Habeas Corpus. *Hence,* 49 F. Supp. 2d at 553.

### ORDER

Based upon the foregoing, IT IS ORDERED that the motion to alter or amend the judgment [Dkt. # 6] is **DENIED.**

/s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  August 11, 2009

3

2:09-cv-12329-VAR-PJK   Doc # 9   Filed 08/11/09   Pg 4 of 4   Pg ID 45

The undersigned certifies that a copy of this document was served on the attorneys of record and Rennel Pitts by electronic means or U.S. Mail on August 11, 2009.

s/Linda Vertriest
Deputy Clerk

4